UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOAQUIN R. WINFIELD,

                           Plaintiff,
                                                  9:09-CV-1055
v.                                                 (LEK/GHL)

WALTER BISHOP, DAVID LECLAIR,
NANCY MAROCCO,

                           Defendants.
_____

APPEARANCES:                                      OF COUNSEL:

JOAQUIN R. WINFIELD, 97-A-5399
Plaintiff *pro se*
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

HON. ANDREW M. CUOMO               RICHARD LOMBARDO, ESQ.
Attorney General for the State of New York
  Counsel for Defendants
The Capitol
Albany, NY 12224

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

      This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable Lawrence E. Kahn, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

Plaintiff Joaquin R. Winfield alleges that Defendant Walter Bishop[1] subjected him to excessive

---

     [1]     This defendant was identified in the complaint as "John Doe Bishop."  Pursuant to a request from Defendants, I directed the Clerk to list his correct name on the docket.  (Dkt. No. 18.)   I will refer to him throughout this action as Walter Bishop.

force, that Defendant Nancy Marocco[2] conducted a flawed disciplinary hearing, and that Defendant David LeClair wrongfully imposed a restricted diet on him and failed to respond properly to his grievances.  Currently pending before the Court is the motion of Defendant David LeClair[3] to dismiss for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6).  (Dkt. No. 14.)  For the reasons that follow, I recommend that Defendant's motion be granted.

I.      BACKGROUND

Plaintiff alleges that he was issued a misbehavior report on November 26, 2006, for refusing to return his lunch tray.  (Dkt. No. 1 at 8, 10.)  Pending a hearing on the misbehavior report, Defendant LeClair authorized staff to place Plaintiff on a restricted diet from November 27, 2006, to December 3, 2006.  *Id.* at 10.  The hearing on the misbehavior report was held on December 7, 2006.  *Id.* at 9.  The hearing officer imposed a penalty of seven days of restricted diet.  *Id*. at 11.  Defendant LeClair issued a memo to the facility's health services director stating that Plaintiff would be on a restricted diet from December 14 through December 20 as a result of the December 7 hearing.  *Id*. at 11-12.  Although it is not entirely clear from the complaint, it appears that Plaintiff continuously received the restricted diet from November 27 through December 20.  Plaintiff appears to allege that, essentially, he was punished more than once for the conduct alleged in the misbehavior report because he received the restricted diet for longer

---

[2]     This defendant was identified in the complaint as "Nancy Machell."  Pursuant to a request from Defendants, I directed the Clerk to list her correct name on the docket.  (Dkt. No. 18.)   I will refer to her throughout this action as Nancy Marocco.

[3]     Defendants Walter Bishop and Nancy Marocco have answered the complaint. (Dkt. No. 15.)

than seven days.[4]

Plaintiff alleges that Defendant Bishop subjected him to excessive force on December 5, 2006.  (Dkt. No. 1 at 4-5.)  Plaintiff alleges that he sent a written complaint about this incident to Defendant David LeClair.  *Id*. at 6.

On December 14, 2006, Plaintiff was served with another misbehavior report.  (Dkt. No. 1 at 14-15.)  In preparation for his disciplinary hearing, Plaintiff requested a videotape of the incident.  *Id*. at 15.  Defendant Nancy Marocco conducted the disciplinary hearing.  *Id*.  She adjourned and continued the hearing at least twice.  *Id*. at 17-18.  Ultimately, she denied Plaintiff's request to call an inmate witness, found a photograph of Plaintiff's wrist inadmissible, found Plaintiff guilty, and sentenced him to nine months of SHU confinement with loss of privileges and good time credits.  *Id*. at 15, 21.

Plaintiff alleges that he informed Defendant LeClair of his "inferred fear . . . of further punitive informalities resulting from both the 8th U.S. Constitutional Amendment tort per se and also the past shown and highly prone history of losing/or erasing the B-1 c. (S.H.U.) video recordings of probative value."  (Dkt. No. 1 at 7.)

---

[4] Specifically, Plaintiff alleges that "though only verbally enlightened and *never* checked incident to by any medical staff therein pursuant to Dept. protocols, the resulting misbehavior report *at least* provided an initial basis of/or for and/or by both § § 304.2 (c) of Title 7 N.Y.C.R.R.'s N.Y. State Dept. of Correctional Svcs. Directive 4933 of Ch. VI and § 138.5 of N.Y. States Correction Law.  Any properly corresponding punitive sanction would have been and was imposed and completed in a/the pre-hearing context commencing the morning meal of breakfast on November 27, 2006, and ending the evening/or dinner meal of December 3, 2006.  Both the second encaptioned defendant Superintendent David LeClair's cognizance, as well as, twice (2x) the above allegations are demonstrated by the on record actions of Defendant D. LeClair's designated delegate Lt. K. Smith four days later on the date of December 7, 2006."  (Dkt. No. 1 at 8-9, emphases in original.)

Plaintiff alleges that Defendants' conduct violated his constitutional rights. (Dkt. No. 1.) Plaintiff alleges that Defendant LeClair, as the Superintendent of Great Meadow Correctional Facility, should be held responsible because he "managed . . . daily operation[s] and executed both the N.Y. State Department of Corrections and the prison policies." (Dkt. No. 1 at 4.)

Defendant LeClair moves to dismiss the claims against him. (Dkt. No. 14.) Plaintiff has opposed the motion. (Dkt. No. 19.)

## II.   LEGAL STANDARD GOVERNING MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that the complaint fails to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 1950 (internal citation and punctuation omitted).

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the

4

plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

## III.   ANALYSIS

### A.   Personal Involvement

Plaintiff alleges that Defendant LeClair is liable because he, as the Superintendent of Great Meadow Correctional Facility, "managed its daily operation and executed both the N.Y. State Department of Corrections and the prison policies." (Dkt. No. 1 at 4.) Defendant's motion to dismiss does not address this claim. I recommend that the claim be dismissed *sua sponte*.

"'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). In order to prevail on a cause of action under 42 U.S.C. § 1983 against an individual, a plaintiff must show some tangible connection between the unlawful conduct and the defendant. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). If the defendant is a supervisory official, a mere "linkage" to the unlawful conduct through "the prison chain of command" (i.e., under the doctrine of *respondeat superior*) is insufficient to show his or her personal involvement in that unlawful conduct. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Wright*, 21 F.3d at 501; *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985). In other

words, supervisory officials may not be held liable merely because they held a position of authority. *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996). Rather, supervisory personnel may be considered "personally involved" if they (1) directly participated in the violation, (2) failed to remedy that violation after learning of it through a report or appeal, (3) created, or allowed to continue, a policy or custom under which the violation occurred, (4) had been grossly negligent in managing subordinates who caused the violation, or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that the violation was occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).[5]

Thus, Defendant LeClair cannot be held liable merely because he, as the Superintendent of Great Meadow Correctional Facility, "managed its daily operation and executed both the N.Y. State Department of Corrections and the prison policies." (Dkt. No. 1 at 4.) Therefore, I recommend that this claim against Defendant LeClair be dismissed.

Where a *pro se* complaint fails to state a cause of action, the court *generally* "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted). However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "[b]etter pleading will not cure it." *Id.* at 112 (citation omitted). Here, better pleading would not cure the problem with Plaintiff's *respondeat superior* claim against Defendant LeClair.

---

[5] The Supreme Court's decision in *Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937 (2009) arguably casts in doubt the continued viability of some of the categories set forth in *Colon*. *See Sash v. United States*, 674 F. Supp. 2d 531 (S.D.N.Y. 2009). Here, the Court will assume *arguendo* that all of the *Colon* categories apply.

Therefore, I recommend that the claim be dismissed with prejudice.

  **B.**  **Restricted Diet**

  Plaintiff alleges that Defendant LeClair violated his constitutional rights by placing him on a restricted diet for seven days prior to his disciplinary hearing, continuing the restricted diet for seven days after the disciplinary hearing, and 'reimposing' the penalty from December 14 to 20. (Dkt. No. 1 at 11-12.) This claim implicates both the Due Process Clause and the Eighth Amendment. Defendant argues that Plaintiff has failed to state a claim under either theory. (Dkt. No. 14-1 at 2-5.) Defendant is correct.

  In order to state a claim for violation of his procedural due process rights, a plaintiff must allege facts plausibly suggesting that he was deprived of a liberty interest without due process of law. *Tellier v. Fields*, 280 F.3d 69, 79-80 (2d Cir. 2000). In order to demonstrate the existence of a liberty interest, the plaintiff must allege facts plausibly suggesting that he was subjected to a deprivation that imposed "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Tellier*, 280 F.3d at 80; *Frazier v. Coughlin*, 81 F.3d 313, 317 (2d Cir. 1996). Plaintiff here cannot allege such facts. The Second Circuit has held that the imposition of a restricted diet does not impose an atypical and significant hardship on inmates. *McEachin v. McGuinnis*, 357 F.3d 197, 200-01 (2d Cir. 2004). As Defendant notes, district courts in this circuit have routinely dismissed due process claims regarding restricted diets. (Dkt. No. 14-1 at 3-4, collecting cases.) Therefore, I recommend that the Court dismiss Plaintiff's due process claim with prejudice.

  The Eighth Amendment imposes on jail officials the duty to "provide humane conditions of confinement" for prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In fulfilling this

duty, prison officials must "ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Id*. (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).  To state an Eighth Amendment conditions of confinement claim, a plaintiff must allege facts plausibly suggesting both an objective and a subjective component.  *Id.* at 834.  To satisfy the objective component, a prisoner must show that the defendant's "act or omission ... result[ed] in the denial of the minimal civilized measure of life's necessities."  *Id*.  Therefore, "extreme deprivations are required to make out a conditions-of-confinement claim."  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  The Second Circuit has held that allegations regarding the imposition of a restricted diet do not state an Eighth Amendment claim absent an allegation that the diet was nutritionally inadequate, posed an imminent health risk, or physically injured the prisoner.  *McEachin*, 357 F.3d at 199-201.  Here, Plaintiff makes no such claims.  As Defendant notes, district courts in this circuit have routinely dismissed similar claims.  (Dkt. No. 14-1 at 4-5.)  Therefore, I recommend that the Court dismiss this claim.  Because there is a possibility that better pleading could cure the defect with this claim, I recommend that Plaintiff be granted leave to amend.

    **C.**    **Grievances**

Plaintiff alleges that he sent a written complaint about the alleged excessive force incident involving Defendant Bishop to Defendant LeClair.  (Dkt. No. 1 at 6.)  He also alleges that he informed Defendant LeClair of his "inferred fear . . . of further punitive informalities resulting from both the 8th U.S. Constitutional Amendment tort per se and also the past shown and highly prone history of losing/or erasing the B-1 c. (S.H.U.) video recordings of probative value."  (Dkt. No. 1 at 7.)  Defendant has not addressed these claims.  I find that they are subject

to *sua sponte* dismissal.

Plaintiff has failed to sufficiently allege Defendant's personal involvement. A prisoner's allegation that a supervisory official failed to respond to a grievance is insufficient to establish that the official "failed to remedy that violation after learning of it through a report or appeal" or "exhibited deliberate indifference ... by failing to act on information indicating that the violation was occurring." *Rivera v. Goord*, 119 F. Supp. 2d 327, 344-45 (S.D.N.Y. 2000). *See also Watson v. McGinnis,* 964 F. Supp. 127, 130 (S.D.N.Y. 1997)("The law is clear that allegations that an official ignored a prisoner's letter are insufficient to establish liability."). Moreover, "[i]t has been held that an appropriate guiding principle for determining personal responsibility is where a grievance alleges an ongoing constitutional violation, the supervisory official who reviews the grievance is personally involved if he is confronted with a situation that he can remedy directly. If the official is confronted with a violation that has already occurred and is not ongoing, then the official will not be found personally responsible for failing to remedy a violation." *Harnett v. Barr*, 538 F. Supp. 2d 511, 524 (N.D.N.Y. 2008) (Hurd, J.). Here, Plaintiff complained to Defendant LeClair of two one-time events: the excessive force and the allegedly flawed disciplinary hearing. Although Plaintiff alleges that there was a "highly prone history of losing/or erasing the B-1 c. (S.H.U.) video recordings of probative value" prior to his hearing, he has not alleged that Defendant LeClair was aware of this history. Accordingly, Plaintiff has not adequately alleged that Defendant LeClair failed to remedy a wrong after learning of the violation. Therefore, I recommend that the Court dismiss this claim *sua sponte*. Because Plaintiff could conceivably cure the defect with this claim through better pleading, I recommend that he be granted leave to amend.

ACCORDINGLY, it is

RECOMMENDED that Defendant LeClair's motion to dismiss for failure to state a claim (Dkt. No. 14) be **GRANTED** without leave to amend the due process claim and with leave to amend the Eighth Amendment claim; and it is further

RECOMMENDED that Plaintiff's *respondeat superior* claim against Defendant LeClair be dismissed *sua sponte* without leave to amend; and it is further

RECOMMENDED that Plaintiff's claims that Defendant LeClair did not respond to his grievances be dismissed *sua sponte* with leave to amend.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: June 21, 2010
       Syracuse, New York

                                      George H. Lowe
                                      United States Magistrate Judge