UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOAQUIN R. WINFIELD,

                        Plaintiff,

   -against-                               9:09-CV-1055 (LEK/GHL)

WALTER BISHOP, DAVID LECLAIR,
NANCY MAROCCO,

                        Defendants.

## DECISION AND ORDER

This matter comes before the Court following a Report-Recommendation filed on June 21, 2010, by the Honorable George H. Lowe, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(c) of the Northern District of New York. Report-Rec. (Dkt. No. 22). Within fourteen days after a party has been served with a copy of a Magistrate Judge's Report-Recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations," FED. R. CIV. P. 72(b), in compliance with L.R. 72.1. Plaintiff Joaquin Winfield ("Plaintiff") filed his objections ("Objections") with respect to Magistrate Judge Lowe's Report-Recommendation on July 8, 2010.

It is the duty of this Court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Where, however, an objecting "'party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.'" Farid v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007) (citations and quotations omitted)); see also

Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

In reviewing the Report-Recommendation and Objections thereto, the Court notes, firstly, that the bulk of Plaintiff's Objections is an exact duplication of his previously filed Opposition to Defendant LeClair's Motion to dismiss. Compare Dkt. Nos. 14 and 27 at 1-11. To the extent that Plaintiff thereby reiterates his original arguments, the Court has reviewed the Report-Recommendation only for clear error and has determined that no such error is present.

Plaintiff makes specific objections to Part II.A. of the Report-Recommendation, see Dkt. No. 22 at 5-7, wherein Magistrate Judge Lowe recommends *sua sponte* dismissal of Plaintiff's *respondeat superior* claim against Defendant LeClair for lack of personal involvement. Objections at 12-14. In recommending dismissal of Plaintiff's "*respondeat superior* claim," Magistrate Judge Lowe notes that, while Defendant LeClair's Motion did not addressed this claim, Plaintiff's Complaint should be dismissed insofar as it alleges LeClair's liability under § 1983 by reason of the latter's position of Superintendent or Warden of the Great Meadow State Prison and, "as such, h[is] manag[ing] its daily operation and execut[ing] both the N.Y. State Department of Corrections and the prison policies."[1]  Dkt. Nos. 1 at 4; 22 at 5. The substance of Plaintiff's objection to the

---

[1] In finding Plaintiff to have alleged a *respondeat superior* claim under § 1983, Magistrate Judge Lowe appears to have been affording Plaintiff, a *pro se* litigant, the special solicitude that this Court owes such litigants. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006); see also Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (*pro se* pleadings "must be read liberally and should be interpreted to raise the strongest arguments that they suggest."). Nowhere in Plaintiff's Complaint is a *respondeat superior* claim explicitly announced, but, as Magistrate Judge Lowe notes, one could be inferred from the above-quoted language and other allegations in the Complaint. See, e.g., Dkt. No. 1 at 4, 6, 9-10.

Magistrate Judge's recommendation is difficult to discern.  See Dkt. No. 27 at 12-14.  It appears that Plaintiff objects to any construction of his claims that is based on a theory of *respondeat superior*.  Id. at 13.  To the extent that Plaintiff is denying that he ever made the claim that the Magistrate Judge construed and dismissed, the construction error is harmless.  To the extent that such a claim was advanced, the Report-Recommendation should be approved for the reasons stated therein.

Plaintiff may instead be objecting to the recommendation that the Court dismiss with prejudice Plaintiff's due process claims.  In this regard, Plaintiff's Objections are unavailing.  As noted in the Report-Recommendation, case law from this Circuit makes clear, that absent allegations that a restricted diet endangers an inmate's health, a due process claim based on the imposition of such a diet is incognizable, including in instances where that imposition was for a longer duration than that endured by Plaintiff.  Dkt. 22 at 7-8.  Plaintiff has not alleged in his Complaint that the restricted diet imposed upon him endangered his health and has, in fact, quoted language from a communication allegedly signed by Defendant LeClair stressing that the restricted diet should be "wholesome and nutritious" and should be stopped if it is determined that the diet "is causing physical harm to the [Plaintiff]."  Dkt. No. 1; see also Objections at 13-14.  Therefore, the Court adopts the Magistrate Judge's recommendation that Plaintiff's due process claim be dismissed with prejudice.

Plaintiff raises no specific objection to the Magistrate Judge's recommendation that his Eighth Amendment claim be dismissed without prejudice.  As noted above, the Court finds no clear error in this finding and hereby adopts that recommendation.

Accordingly, it is hereby

**ORDERED**, that the Report-Recommendation (Dkt. No. 22) is **APPROVED** and

**ADOPTED** in its **ENTIRETY**; and it is further

**ORDERED**, that Defendant LeClair's Motion to dismiss (Dkt. No. 14) is **GRANTED** without leave to amend the due process claim but with leave to amend the Eighth Amendment claim; and it is further

**ORDERED**, that Plaintiff's *respondeat superior* claim against Defendant LeClair is **DISMISSED** *sua sponte* without leave to amend; and it is further

**ORDERED**, that Plaintiff's claims that Defendant LeClair did not respond to his grievances is **DISMISSED** *sua sponte* with leave to amend; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:    July 12, 2010
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge