UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOAQUIN R. WINFIELD,

                              Plaintiff,

      -against-                                     9:09-CV-1055 (LEK/GLH)

WALTER BISHOP; DAVID LECLAIR;
and NANCY MAROCCO,

                              Defendants.

## DECISION and ORDER

This matter comes before the Court following a Report-Recommendation filed on June 1, 2011 by the Honorable George H. Lowe, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(c) of the Northern District of New York.  Report-Rec. (Dkt. No. 46).  After fourteen days from the service thereof, the Clerk has sent the entire file to the undersigned, including the Objections by Plaintiff Joaquin R. Winfield ("Plaintiff"), which were filed on June 17, 2011.  Dkt. No. 47 ("Objections").

The Court is to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b).  Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error."  Farid v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (citations and quotations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997).  "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge." 28 U.S.C. § 636(b)(1).  The Court has considered the objections and undertaken a *de novo* review of the record, and has determined that the Report-Recommendation should be approved and adopted in its entirety.

Plaintiff first objects to Judge Lowe's recommendation that his Eighth Amendment claim against Defendant David LeClair ("LeClair") be dismissed without leave to amend.  See Obj. at 2-7.  Specifically, Plaintiff appears to contest Judge Lowe's interpretation of Plaintiff's Amended Complaint as raising a claim about the "browning" and "parched" conditions of only one meal.  See Obj. at 6; Report-Rec. at 7 (quoting Dkt. No. 38 ("Amended Complaint") at 15).  However, Plaintiff's Amended Complaint indeed described the specific condition of only one meal.  Am. Compl. at 15.  Further, Plaintiff has not alleged, in either his Amended Complaint or in his Objections, that any of his meals were nutritionally inadequate, posed an imminent health risk, or caused him physical injury.  See id.; Obj.  Plaintiff therefore has not stated a cognizable claim under the Eighth Amendment.  See Robles v. Coughlin, 726 F.2d 12, 15 (2d Cir. 1983); Leach v. Dufrain, 103 F. Supp. 2d 542, 547-48 (N.D.N.Y. 2000) (Kahn, J.).

Plaintiff also objects to Judge Lowe's recommendation that his equal protection claim against LeClair be dismissed without leave to amend.  See Obj. at 8-11.  However, the Court has reviewed this portion of the Report-Recommendation *de novo*, and finds that Judge Lowe properly laid out and applied the standard for determining whether an equal protection claim has been sufficiently stated.  See Report-Rec at 10-12.  Further, as Judge Lowe stated, even a liberal reading of Plaintiff's allegations "does not indicate that Plaintiff might state a valid equal protection claim" in an amended pleading.  Report-Rec at 12 (citing Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000)).  The Court therefore adopts Judge Lowe's recommendation that this claim be dismissed

without leave to amend.

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 46) is **APPROVED** and **ADOPTED** in its **ENTIRETY;** and it is further

**ORDERED**, that (1) Plaintiff's Eighth Amendment claim against Defendant LeClair is dismissed without leave to amend; (2) Plaintiff's claim regarding the loss of video recording is dismissed without leave to amend; and (3) Plaintiff's equal protection claim against Defendant LeClair is dismissed without leave to amend; and it is further

**ORDERED**, that Defendant LeClair is directed to respond to Plaintiff's retaliation claim within **thirty (30) days** of the filing date of this Order; and it is further

**ORDERED**, that Defendants Bishop and Marocco are directed to respond to the amended complaint within **thirty (30) days** of the filing date of this Order, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:   October 28, 2011
         Albany, New York

Lawrence E. Kahn
U.S. District Judge