UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOAQUIN R. WINFIELD,

                                    Plaintiff,
                                                          9:09-CV-1055
v.                                                        (LEK/TWD)

WALTER BISHOP, DARWIN LACLAIR[1],
NANCY MAROCCO,

                                    Defendants.
_____

APPEARANCES:                              OF COUNSEL:

JOAQUIN R. WINFIELD, 97-A-5399
Plaintiff *pro se*
Southport Correctional Facility
P.O. Box 2000
Pine City, NY 14871

HON. ERIC T. SCHNEIDERMAN          RICHARD LOMBARDO, ESQ.
Attorney General for the State of New York    Assistant Attorney General
Counsel for Defendants
The Capitol
Albany, NY 12224

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

        This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has

been referred to me for Report and Recommendation by the Honorable Lawrence E. Kahn,

Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

_____

[1]        This defendant is identified in the amended complaint as David LeClair.
Defendants state that his proper name is Darwin LaClair.  Notice of Motion, ECF No. 57.  The
Clerk is directed to correct the docket.  I will refer to this Defendant throughout the action as
Darwin LaClair.

Plaintiff Joaquin R. Winfield alleges that Defendant Walter Bishop[2] subjected him to excessive force, that Defendant Nancy Marocco[3] conducted a flawed disciplinary hearing, and that Defendant David LaClair wrongfully imposed a restricted diet on him. Currently pending before the Court is Defendant LaClair's motion to dismiss the remaining claim against him pursuant to Federal Rule of Civil Procedure 12 and a request by Defendants Bishop and Marocco to reinstate the original complaint. Motion to Dismiss, ECF No. 57. For the reasons discussed below, I recommend that Defendant LaClair's motion to dismiss be granted without leave to amend and that Defendants' request to reinstate the original complaint be denied.

I.      FACTUAL AND PROCEDURAL SUMMARY

        A.      The Original Complaint

        Plaintiff's original complaint alleged that he was issued a misbehavior report on November 26, 2006 for refusing to return his lunch tray. Compl. 8, 10, ECF No. 1. Pending a hearing on the misbehavior report, Defendant David LaClair authorized staff to place Plaintiff on a restricted diet from November 27, 2006 to December 3, 2006. *Id.* at 10. The hearing on the misbehavior report was held on December 7, 2006. *Id.* at 9. The hearing officer imposed a penalty of seven days of restricted diet. *Id*. at 11. Defendant LaClair issued a memorandum to the facility's health services director stating that Plaintiff would be on a restricted diet from December 14 through December 20 as a result of the December 7 hearing. *Id*. at 11-12.

_____

        [2]     This defendant was identified in the original complaint as "John Doe Bishop." Pursuant to a request from Defendants, the Clerk listed his correct name on the docket. Order, ECF No. 18. I will refer to him throughout this action as Walter Bishop.

        [3]     This defendant is identified in both the original and amended complaints as "Nancy Machell." Pursuant to a request from Defendants, the Clerk corrected her name on the docket. Order, ECF No. 18. I will refer to her throughout this action as Nancy Marocco.

Although it was not entirely clear from the original complaint, Plaintiff appeared to allege that he continuously received the restricted diet from November 27 through December 20. Plaintiff's original complaint alleged, essentially, that Plaintiff was punished more than once for the conduct alleged in the misbehavior report because he received the restricted diet for longer than seven days.[4]

Plaintiff's original complaint alleged that Defendant Bishop subjected him to excessive force on December 5, 2006. Compl. 4-5, ECF No. 1. Plaintiff alleged that he sent a written complaint about this incident to Defendant LaClair. *Id*. at 6.

On December 14, 2006 Plaintiff was served with another misbehavior report. *Id*. at 14-15. In preparation for his disciplinary hearing, Plaintiff requested a videotape of the incident. *Id*. at 15. Although it was not entirely clear, the original complaint appeared to allege that the videotape was lost or erased and thus was not provided to Plaintiff. *Id*. at 7. Defendant Marocco conducted the disciplinary hearing. *Id*. at 15. She adjourned and continued the hearing at least twice. *Id*. at 17-18. Ultimately, she denied Plaintiff's request to call an inmate witness, found a photograph of Plaintiff's wrist inadmissible, found Plaintiff guilty, and sentenced him to

---

[4]        Specifically, Plaintiff alleged that "though only verbally enlightened and *never* checked incident to by any medical staff therein pursuant to Dept. protocols, the resulting misbehavior report *at least* provided an initial basis of/or for and/or by both § § 304.2 (c) of Title 7 N.Y.C.R.R.'s N.Y. State Dept. of Correctional Svcs. Directive 4933 of Ch. VI § 138.5 of N.Y. States Correction Law.  Any properly corresponding punitive sanction would have been and was imposed and completed in a/the pre-hearing context commencing the morning meal of breakfast on November 27, 2006, and ending the evening/or dinner meal of December 3, 2006. Both the second encaptioned defendant Superintendent David LeClair's cognizance, as well as, twice (2x) the above allegations are demonstrated by the on record actions of Defendant D. LeClair's designated delegate Lt. K. Smith four days later on the date of December 7, 2006." Compl. 8-9, ECF No. 1 (emphases in original).

nine months of SHU confinement with loss of privileges and good time credits. *Id*. at 15, 21.

Plaintiff's original complaint alleged that he informed Defendant LaClair of his "inferred fear . . . of further punitive informalities resulting from both the 8th U.S. Constitutional Amendment tort per se and also the past shown and highly prone history of losing/or erasing the B-1 c. (S.H.U.) video recordings of probative value." *Id.* at 7.

Plaintiff's original complaint alleged that Defendants' conduct violated his constitutional rights. Plaintiff alleged that Defendant LaClair, as the Superintendent of Great Meadow Correctional Facility, should be held responsible because he "managed . . . daily operation[s] and executed both the N.Y. State Department of Corrections and the prison policies." *Id*. at 4.

**B.      Dismissal of Original Complaint With Leave to Amend**

Defendant LaClair moved to dismiss the original complaint as it pertained to him.[5] Motion to Dismiss, ECF No. 14. Plaintiff opposed the motion. Resp. in Opp., ECF No. 19. On June 21, 2010 Magistrate Judge George H. Lowe[6] recommended that the complaint be dismissed as to Defendant LaClair with leave to amend two claims. Report-Recommendation, ECF No. 22. Specifically, he found that (1) to the extent that Plaintiff claimed that Defendant LaClair was liable for the acts of the other Defendants due solely to his position as the Superintendent of Great Meadow Correctional Facility, any such claim should be dismissed without leave to amend due to Defendant LaClair's lack of personal involvement; (2) the due process claim against Defendant LaClair regarding the imposition of the restricted diet should be dismissed without

---

[5]      Defendants Bishop and Marocco answered the original complaint. Answer, ECF No. 15.

[6]      Judge Lowe retired on February 9, 2012. This case was reassigned to me on February 10, 2012. Order, ECF No. 63.

leave to amend because the diet did not constitute an atypical and significant hardship; (3) the

Eighth Amendment claim against Defendant LaClair regarding the imposition of the restricted

diet should be dismissed with leave to amend to add allegations that the diet "was nutritionally

inadequate, posed an imminent health risk, or physically injured" Plaintiff; (4) to the extent that

Plaintiff claimed that Defendant LaClair failed to respond to Plaintiff's grievance about

Defendant Bishop's alleged use of excessive force, the claim should be dismissed without leave

to amend due to Defendant LaClair's lack of personal involvement;[7] and (5) the claim that

Defendant LaClair failed to respond to a grievance about Plaintiff's "inferred fear . . . of further

punitive informalities resulting from both the 8th U.S. Constitutional Amendment tort per se and

also the past shown and highly prone history of losing/or erasing the B-1c. (S.H.U.) video

recordings of probative value" should be dismissed with leave to amend to allege that Defendant

LaClair was aware of this "highly prone history" before Plaintiff's disciplinary hearing.  *Id.*

      On July 12, 2010 the Court approved and adopted the Report-Recommendation in its

entirety.  Order, ECF No. 28.

    **C.**    **Amended Complaint**

      Plaintiff filed his amended complaint on December 29, 2010.  Am. Compl., ECF No. 38.

The amended complaint generally repeats the allegations of the original complaint.

As is most relevant here, the amended complaint alleges that Plaintiff received a misbehavior

report on November 26, 2006.  *Id.* at 11.  Defendant LaClair imposed a pre-disciplinary hearing

penalty of seven days of restricted diet.  *Id.* at 12-14.  On December 5, 2006 the disciplinary

---

      [7]      In his amended complaint, Plaintiff states that he "*never* alleged a claim based
upon an ignored/or never responded to Walter Bishop grievance . . . " Am. Compl 10, ECF No.
38 (emphasis in original).

hearing was conducted and the hearing officer imposed a penalty of seven days of restricted diet, but noted that Plaintiff had received the punishment before the hearing. *Id.* at 14. On December 6, 2006 Plaintiff complained to Defendant LaClair about Defendant Bishop's alleged use of force. *Id.* at 7. On December 7, 2006 Plaintiff complained to the Inspector General. *Id.* at 3. On December 13, 2006, Defendant LaClair issued a memorandum stating that Plaintiff had "been assessed a restricted diet . . . for an incident on 11/25/06. The restricted diet is for a total of seven . . . days commencing morning meal on . . . 12/14/06 . . . ." *Id.* at 15.

Upon initial review of the amended complaint pursuant to 28 U.S.C. § 1915(e)(2), Judge Lowe recommended that: (1) Plaintiff's Eighth Amendment claim against Defendant LaClair regarding the restricted diet be dismissed without leave to amend; (2) Plaintiff's claim against Defendant LaClair regarding the loss of the videotape dismissed without leave to amend; (3) the equal protection claim be dismissed without leave to amend; (4) Defendant LaClair be directed to respond to Plaintiff's retaliation claim; and (5) Defendants Bishop and Marocco be directed to respond to the amended complaint. Report-Recommendation, ECF No. 46. On October 28, 2011 the Court approved and adopted the Report-Recommendation in its entirety. Order, ECF No. 52.

Defendant LaClair now moves to dismiss the complaint. Motion to Dismiss, ECF No. 57. Plaintiff has opposed the motion. Resp. in Opp., ECF No. 62. Defendants Bishop and Marocco have nominally joined the motion, although they do not request the dismissal of the claims against them. Notice of Motion, ECF No. 57. Defendants Bishop and Marocco have not answered the amended complaint.

## II.     LEGAL STANDARD GOVERNING MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure

12(b)(6) on the ground that the complaint fails to state a claim upon which relief can be granted.

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*,

"a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

Civ. P. 8(a)(2).  The requirement that a plaintiff "show" that he or she is entitled to relief means

that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is *plausible* on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).  "Determining whether a

complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial

experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to

infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not

shown -- that the pleader is entitled to relief."  *Id.* at 1950 (internal citation and punctuation

omitted).

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the

material facts alleged in the complaint as true and construe all reasonable inferences in the

plaintiff's favor."  *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).

Courts are "obligated to construe a *pro se* complaint liberally."  *Harris v. Mills*, 572 F.3d 66, 72

(2d Cir. 2009).  However, "the tenet that a court must accept as true all of the allegations

contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 129 S. Ct.

7

at 1949.

## III.   ANALYSIS

### A.   Retaliation

Construing the amended complaint broadly, Plaintiff claims that Defendant LaClair retaliated against him for reporting Defendant Bishop's alleged use of excessive force by imposing a restricted diet for longer than originally authorized..  Am. Compl. 24-25, ECF No. 38. Specifically, he alleges that he:

> singled Plaintiff out with unparalleled specificity and the Court should fail to see how the misbehavior report allegations of correspondence can justify the illegally reinflicted dietary sanctions in the sole case herein.

*Id*. at 24.

Claims of retaliation find their roots in the First Amendment.  *See Gill v. Pidlypchak*, 389 F.3d 379, 380-81 (2d Cir. 2004).  Central to such claims is the notion that in a prison setting, corrections officials may not take actions that would have a chilling effect upon an inmate's exercise of First Amendment rights.  *See Gill*, 389 F.3d at 381-383.  Because of the relative ease with which claims of retaliation can be incanted, however, courts have scrutinized such retaliation claims with particular care.  *See Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983). As the Second Circuit has noted,

> [t]his is true for several reasons.  First, claims of retaliation are difficult to dispose of on the pleadings because they involve questions of intent and are therefore easily fabricated.  Second, prisoners' claims of retaliation pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration.  This is so because virtually any adverse action taken against a prisoner by a prison official--even those otherwise not rising to the level of a constitutional violation--can be characterized as a constitutionally proscribed retaliatory act.

*Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001) (citations omitted), *overruled on other grounds*, *Swierkewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

To state a retaliation claim under 42 U.S.C. § 1983, a plaintiff must allege facts plausibly suggesting that: (1) the speech or conduct at issue was "protected"; (2) the defendants took "adverse action" against the plaintiff–namely, action that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights; and (3) there was a causal connection between the protected speech and the adverse action--in other words, that the protected conduct was a "substantial or motivating factor" in the defendants' decision to take action against the plaintiff.  *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Gill*, 389 F.3d at 380 (citing *Dawes v. Walker*, 239 F.3d 489, 492 (2d. Cir. 2001)).

Defendant LaClair concedes for the purposes of this motion that Plaintiff has sufficiently alleged that he was engaged in protected conduct and that Defendant LaClair took adverse action against him.  Mem. of Law in Supp. of Defs.' Motion to Dismiss 6, ECF No. 57-1.[8] Defendant LaClair argues, however, that Plaintiff has not alleged facts plausibly suggesting a causal connection between the adverse action and Plaintiff's constitutionally protected conduct. Mem. of Law in Supp. of Defs.' Motion to Dismiss 4-7, ECF No. 57-1.  Defendant LaClair argues, first, that Plaintiff cannot establish a causal connection because:

> There are no facts alleged that even remotely suggest that [D]efendant LaClair allegedly imposed an extra seven days of restricted diet because [P]laintiff sent a letter to the Inspector General.  In fact, it is not even alleged that, as of December 13, 2006, [D]efendant LaClair was aware of the letter that the [P]laintiff allegedly sent to the

---

[8]      Citations to page numbers in Defendants' Memorandum of Law refer to the page numbers in the original document rather than to the page numbers assigned by the Court's electronic filing system.

Inspector General on December 7, 2006.

*Id.* at 6 (emphases in original).  As Plaintiff notes in his opposition (Resp. in Opp. 3-4, ECF No. 62), Defendant is incorrect.  The amended complaint alleges that, in addition to the letter to the Inspector General, Plaintiff wrote to Defendant LaClair on December 6, 2006 regarding Defendant Bishop's alleged use of force.  Am. Compl. 7, Dkt. No. 38.  Therefore, the amended complaint alleges facts plausibly suggesting that Defendant LaClair was aware of Plaintiff's complaints of excessive force before he imposed the extra period of restricted diet on Plaintiff.  The issue, then, is whether the amended complaint plausibly suggests that this knowledge was a "substantial or motivating factor" in Defendant LaClair's decision to take action against Plaintiff.  *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977).

Several factors may be considered in determining whether a causal connection exists between the plaintiff's protected activity and a prison official's actions.  *Baskerville v. Blot*, 224 F. Supp. 2d 723, 732 (S.D.N.Y. 2002) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)).  Those factors include: (i) the temporal proximity between the protected activity and the alleged retaliatory act; (ii) the inmate's prior good disciplinary record; (iii) vindication at a hearing on the matter; and (iv) statements by the defendant concerning his or her motivation.  *Id.* (citing *Colon*, 58 F.3d at 872-73).  "The causal connection must be sufficient to support an inference that the protected conduct played a substantial part in the adverse action."  *Id.*

Here, as Defendant LaClair correctly notes, the only one of these factors implicated by the facts alleged in the amended complaint is the temporal proximity factor.  The Second Circuit has held that the passage of "only six months" is sufficient to support an inference of a causal connection.  *Espinal v. Goord*, 558 F.3d 119, 129 (2d Cir. 2009) (citing *Gorman-Bakos v.*

*Cornell Coop. Extension*, 252 F.3d 545, 555 (2d Cir. 2001)).  Here, according to the amended complaint, the Plaintiff wrote to Defendant LaClair on December 6, 2006 regarding Defendant Bishop's alleged use of excessive force.  Am. Compl.7, ECF No. 38.  Plaintiff alleges that Defendant LaClair issued a memorandum one week later authorizing a second seven-day period of restricted diet.  *Id*. at 15.

Defendant LaClair argues that merely alleging temporal proximity is insufficient to plausibly suggest that the protected conduct played a substantial part in the adverse action.  Mem. of Law in Supp. of Defs.' Motion to Dismiss 8 n.10, ECF No. 57-1.  Defendant is correct. Although Defendant LaClair has not cited any cases in the prison context, Defendant correctly notes that the Second Circuit has held in the context of employment law that where "timing is the only basis for a claim of retaliation . . . an inference of retaliation does not arise," particularly where other adverse actions preceded the protected conduct.  *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 95 (2d Cir. 2001).  The Second Circuit routinely cites to employment cases when discussing retaliation in the prison law context.  *See e.g. Espinal*, 558 F.3d at 129 (citing *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001)).  Thus, it is appropriate to apply the *Slattery* rule here.

Here, timing is the only fact alleged in the amended complaint that plausibly suggests that Defendant LaClair retaliated against Plaintiff.  Nothing in the amended complaint suggests that Plaintiff had a prior good disciplinary record, that he was vindicated at a hearing on the matter, or that Defendant LaClair made statements concerning his motivation.  Further, the amended complaint alleges that other adverse action preceded the protected conduct: Defendant LaClair imposed a pre-hearing penalty of seven days of restricted diet before Plaintiff wrote letters

11

regarding the alleged use of excessive force.  Given these facts, and the particular care with which courts must scrutinize retaliation claims, I find that Plaintiff has failed to state a retaliation claim against Defendant LaClair.  *Cf. Espinal*, 558 F.3d 119 (Plaintiff raised a triable issue of fact regarding retaliation where evidence showed both temporal proximity and statement by Defendant that excessive force "is what happens to inmates when they submit law suits against us.").  Therefore, I recommend that the Court dismiss Plaintiff's retaliation claim against Defendant LaClair.

Where a *pro se* complaint fails to state a cause of action, the court *generally* "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted).  Of course, an opportunity to amend is not required where the plaintiff has already amended the complaint.  *See Advanced Marine Tech. v. Burnham Sec ., Inc.*, 16 F. Supp. 2d 375, 384 (S.D.N.Y.1998) (denying leave to amend where plaintiff had already amended complaint once).  In addition, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it."  *Cuoco*, 222 F.3d at 112 (citation omitted).  Here, Plaintiff has already been given an opportunity to amend his complaint and better pleading will not cure the defect with his retaliation claim.  Therefore, I recommend that the Court dismiss this action against Defendant LaClair without leave to amend.

### B.     Defendants' Request to Proceed on the Original Complaint

Defendants state that:

> [T]he amended complaint contains a new retaliation claim against [D]efendant LaClair and a rehash of the claims which [P]laintiff asserted against [D]efendants Bishop and Marocco in the original complaint.   Accordingly, if it is dismissed as against [D]efendant LaClair, the amended complaint is unnecessary and the [P]laintiff should proceed against [D]efendants Bishop and Marocco based upon the original complaint.

Mem. of Law in Supp. of Defs.' Motion to Dismiss 8, ECF No. 57-1.

Defendants cite no authority for their argument.  Further, Defendants do not explain why, as a practical matter, Plaintiff "should proceed" based on the original complaint rather than the amended complaint.  Like the amended complaint, the original complaint includes claims against Defendant LaClair in addition to claims against Defendants Bishop and Marocco.  Proceeding on the original complaint, therefore, would not result in any greater clarity in this action.  Therefore, I recommend that the Court deny Defendants' request to reinstate the original complaint.

**WHEREFORE**, it is hereby

**RECOMMENDED** that Defendants' motion to dismiss the claims against Defendant LaClair and to reinstate the original complaint (Dkt. No. 57) be **<u>GRANTED IN PART AND DENIED IN PART</u>**.  It is recommended that all claims against Defendant LaClair be dismissed without leave to amend.  It is recommended that the request to reinstate the original complaint be denied; and it is further

**ORDERED** that the Clerk correct the docket to reflect that the proper name of Defendant David LeClair is Darwin LaClair.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file

written objections to the foregoing report.  Such objections shall be filed with the Clerk of the

Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL**

**PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing

*Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


Dated: March 29, 2012
        Syracuse, New York

Therese Wiley Dancks
United States Magistrate Judge

14