UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOAQUIN R. WINFIELD,

                          Plaintiff,

         -against-                                          9:09-CV-01055 (LEK/TWD)

WALTER BISHOP; DARWIN
LaCLAIR; and NANCY MAROCCO,

                          Defendants.

_____

## DECISION AND ORDER

## I.    INTRODUCTION

         This matter comes before the Court following a Report-Recommendation filed on March 29,

2012 by the Honorable Thérèse W. Dancks, United States Magistrate Judge, pursuant to 28 U.S.C. §

636(b) and L.R. 72.3 of the Northern District of New York.  Dkt. No. 65 ("Report

Recommendation").  After fourteen days from the service thereof, the Clerk has sent the entire file

to the undersigned, including the Objections by *pro se* Plaintiff Joaquín Winfield ("Plaintiff"),

which were filed April 17, 2012.  Dkt. No. 67 ("Objections").

## II.   BACKGROUND

         On September 16, 2009, Plaintiff brought this suit pursuant to 42 U.S.C. § 1983, alleging

that his constitutional rights were violated during his incarceration at the Great Meadow State

Correctional Facility ("Great Meadow") by Defendant Walter Bishop ("Defendant Bishop"), a

corrections officer; Defendant Nancy Marocco ("Defendant Marocco"), a disciplinary hearings

officer; and Defendant Darwin LaClair (Defendant LaClair), the Superintendent of Great Meadow.

Dkt. No. 1 ("Complaint").  In his Complaint, Plaintiff alleges: (1) that Defendant Bishop subjected

him to excessive force; (2) that Defendant Marocco conducted an unjust disciplinary hearing; and (3) that Defendant LaClair wrongfully imposed a restricted diet on him.  Id.

In February 2010, Defendant LaClair moved to dismiss the original Complaint as it pertained to him.  Dkt. No. 14 ("First Motion to Dismiss").  Plaintiff opposed the Motion.  Dkt. No. 19.  On June 21, 2010, Magistrate Judge George H. Lowe recommended that the Complaint be dismissed as to Defendant LaClair with leave to amend two claims.  Dkt. No. 22 ("First Report-Recommendation").  On July 12, 2010 the Court approved and adopted the First Report-Recommendation in its entirety.  Dkt. No. 28.

Plaintiff filed his Amended Complaint on December 29, 2010.  Dkt. No. 38 ("Amended Complaint").  Upon initial review of the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2), Judge Lowe recommended that: (1) two of Plaintiff's claims against Defendant LaClair be dismissed with prejudice; (2) Defendant LaClair be directed to respond to Plaintiff's retaliation claim; and (5) Defendants Bishop and Marocco be directed to respond to the Amended Complaint. Dkt. No. 46 ("Second Report-Recommendation").  On October 28, 2011 the Court approved and adopted the Second Report-Recommendation in its entirety.  Dkt. No. 52.

Currently before the Court is Defendant LaClair's Motion to dismiss the remaining claim against him pursuant to Rule 12 of the Federal Rules of Civil Procedure and a request by Defendants Bishop and Marocco to reinstate the original Complaint.  Dkt. No. 57-1 ("Motion").

## II.    STANDARD OF REVIEW

The Court is to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b).  Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his

2

original arguments, the Court reviews the report and recommendation only for clear error." Farid v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (citations and quotations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court has considered the Objections and reviewed the record and has determined that the Report-Recommendation should be approved and adopted in its entirety for the reasons stated herein.

## III.    DISCUSSION

### A.  General Objections

In his Objections, Plaintiff appears to offer a general critique of the characterizations of his claims and the underlying facts found in Report-Recommendation. See generally Obj.[1] To this end, Plaintiff devotes much of his Objections to pointing out perceived inconsistencies between his Amended Complaint and the Report-Recommendation, citing extensively to his earlier submissions. See, e.g., Id. at 5 n.8, 7-9. Such "general objections" appear to add nothing of substance to the arguments initially raised in the Complaint and reiterated in the Amended Complaint. As such, the Court reviews the bulk of the Report-Recommendation only for clear error. See Farid, 554 F. Supp. 2d at 307. Upon thorough review of the record and of the Report Recommendation, the Court finds

---

[1] While the Court appreciates Plaintiff's use of legal language and detailed citation, the Court believes that Plaintiff might be better served by making arguments and factual allegations in plain English. The Court is aware of the tremendous challenges faced by pro se litigants – particularly those who are incarcerated – and suggests to Plaintiff that he might be able to express himself and plead his case more easily if he relied less on legal language or extensive dictionary definitions in future submissions.

3

no such error.

**B. Retaliation Claim**

Beyond his general disagreement with the Court's descriptions of his claims and his general reaffirmation of his earlier argument, however, Plaintiff appears to object specifically to Judge Dancks's conclusion that Plaintiff had failed to allege sufficient causation to make out a retaliation claim against Defendant LaClair. See Obj. at 4-6, 9. As a result, the Court reviews this issue *de novo*. 28 U.S.C. § 636(b).

Construing the Amended Complaint broadly, Plaintiff claims that Defendant LaClair retaliated against him for reporting Defendant Bishop's alleged use of excessive force by imposing a restricted diet for longer than originally authorized. Am. Compl. at 24-25. Claims of retaliation are rooted in the First Amendment and are meant to prevent actions by corrections officials that might have a chilling effect upon inmates' exercise of their First Amendment rights. See Gill v. Pidlypchak, 389 F.3d 379, 380-83 (2d Cir. 2004). However, "[b]ecause retaliation claims are easily fabricated, the courts must 'examine prisoners' claims of retaliation with skepticism and particular care.'" Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995).

To state a retaliation claim under 42 U.S.C. § 1983, a plaintiff must allege facts plausibly suggesting that: (1) the speech or conduct at issue was "protected"; (2) the defendants took "adverse action" against the plaintiff – namely, action that would deter a similarly situated individual of ordinary firmness from exercising her constitutional rights; and (3) there was a causal connection between the protected speech and the adverse action such that the protected conduct was a "substantial or motivating factor" in the defendants' decision to take action against the plaintiff. Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Gill,

4

389 F.3d at 380 (citing <u>Dawes v. Walker</u>, 239 F.3d 489, 492 (2d. Cir. 2001)); <u>Baskerville v. Blot</u>, 224 F. Supp. 2d 723, 732 (S.D.N.Y. 2002) (citing <u>Colon v. Coughlin</u>, 58 F.3d 865, 872-73 (2d Cir. 1995) ("The causal connection must be sufficient to support an inference that the protected conduct played a substantial part in the adverse action.").

In this case, the first two factors are not currently at issue, so the Court must instead focus on the plausible presence of a causal connection between Plaintiff's activity and the subsequent punishment.[2] Defendant LaClair argues that Plaintiff has failed to allege sufficient facts to make out a causal connection between the adverse action and Plaintiff's constitutionally protected conduct. Mot. at 4-7. Defendant LaClair contends that Plaintiff has provided no factual support for the claim that Plaintiff received an extra seven days of "restricted diet" punishment because he sent a letter of complaint to the Inspector General. <u>Id.</u> at 6. Defendant LaClair emphasizes that "it is not even alleged that, as of December 13, 2006, [D]efendant LaClair was aware of the letter that the [P]laintiff allegedly sent to the Inspector General on December 7, 2006. <u>Id.</u> (emphasis omitted).

Defendant LaClair, however, is incorrect that Plaintiff has failed to provide any facts that might suggest that Defendant LaClair was aware of Plaintiff's letter. Plaintiff claims that, in addition to the letter to the Inspector General, Plaintiff wrote to Defendant LaClair on December 6, 2006 regarding Defendant Bishop's alleged use of force. Am. Compl. at 7. The Amended Complaint, therefore alleges facts plausibly suggesting that Defendant LaClair was aware of Plaintiffs' complaints of excessive force prior to imposing the extra period of restricted diet on Plaintiff. Despite the presence of these facts, the Court must still determine whether the Amended

---

[2] For purposes of this Motion, Defendant LaClair does not appear to contest that Plaintiff's allegations meet the first two requirements for a retaliation claim and instead bases his argument on a lack of causation. Mot. at 6.

Complaint plausibly suggests that Defendant LaClair's knowledge was a "substantial or motivating factor" in his decision to punish Plaintiff.  Mount Healthy, 429 U.S. at 287.

In determining whether a causal connection exists, the Court may consider as factors: (1) the temporal proximity between the protected activity and the alleged retaliatory act; (2) the inmate's prior good disciplinary record; (3) the inmate's vindication at a hearing on the matter; and (4) statements by the defendant concerning his or her motivation.  Baskerville, 224 F. Supp. 2d at 732 (citing Colon, 58 F.3d at 872-73).

Nowhere in the Amended Complaint does Plaintiff suggest that he had a prior good disciplinary record, that he was vindicated at a hearing on the matter, or that Defendant LaClair made statements concerning his motivation.  Therefore, the only factor implicated by Plaintiff's Amended Complaint is the temporal proximity between his behavior and Defendant LaClair's alleged retaliatory conduct.  According to the Amended Complaint, Plaintiff wrote to Defendant LaClair on December 6, 2006 regarding Defendant Bishop's alleged use of excessive force.  Am. Compl. at 7.  Plaintiff alleges further that Defendant LaClair issued a memorandum one week later authorizing a second seven-day period of restricted diet.  Id. at 15.  Such a brief ellipsis between the protected activity and the alleged conduct by Defendant LaClair certainly satisfies the Court's temporal proximity inquiry.  See Espinal v. Goord, 558 F.3d 119, 129 (2d Cir. 2009) (citing Gorman-Bakos v. Cornell Coop. Extension, 252 F.3d 545, 555 (2d Cir. 2001)) (finding that a six month period between the protected activity and alleged retaliation was still short enough to satisfy the temporal proximity analysis).

Defendant LaClair argues, however, that merely alleging temporal proximity is, in and of itself, insufficient to suggest that the protected conduct played a substantial part in the adverse

6

action. Mot. at 8 n.10.  In the analogous realm of employment retaliation,[3] when "timing is the only basis for a claim of retaliation . . . an inference of retaliation does not arise," particularly when other adverse actions preceded the protected conduct.  Slattery v. Swiss Reinsurance Am. Corp., 248 F.3d 87, 95 (2d Cir. 2001).  Here, the Amended Complaint states that other adverse action preceded the protected conduct: Defendant LaClair imposed a pre-hearing penalty of seven days of restricted diet before Plaintiff wrote letters regarding the alleged use of excessive force.  Am. Compl. at 11-12.  Given these facts and the particular care with which courts must scrutinize retaliation claims, the Court finds that Plaintiff has failed to state a retaliation claim against Defendant LaClair.  Cf. Espinal, 558 F.3d at 119 (Plaintiff raised a triable issue of fact regarding retaliation where he alleged both temporal proximity and a statement by Defendant that excessive force "is what happens to inmates when they submit law suits against us.").  The Court, therefore, concurs with the Report-Recommendation and dismisses Plaintiff's retaliation claim against Defendant LaClair.

Generally, leave to amend should be freely given.  FED. R. CIV. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962); Rusyniak v. Gensini, 629 F. Supp. 2d 203, 212 (N.D.N.Y. 2009).  Further, where a complaint filed by a *pro se* litigant fails to state a cause of action, the Court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted).  However, an opportunity to amend is not required where the plaintiff has already amended the complaint.  See Advanced Marine Tech. v. Burnham Sec., Inc., 16 F. Supp. 2d 375, 384 (S.D.N.Y. 1998) (denying leave to

---

[3]  In addressing prisoner retaliation claims, Courts frequently rely on employment law retaliation cases.  See, e.g., Espinal, 558 F.3d at 129 (citing Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273-74 (2001)).

amend where plaintiff had already amended complaint once).  Further, where the amendment is
futile because it fails to state a claim or would otherwise be subject to dismissal, a court is justified
in denying the amendment.  Foman, 371 U.S. at 182; Evac, LLC v. Pataki, 89 F. Supp. 2d 250, 262
(N.D.N.Y. 2000).  In this case, Plaintiff has already been afforded one opportunity to amend his
claim and it does not appear that better pleading will cure the defect in his retaliation claim.
Therefore, his retaliation claims against Defendant LaClair are dismissed with prejudice.

## IV.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 65) is **APPROVED** and
**ADOPTED** in its **ENTIRETY**; and it is further

**ORDERED** that Defendants' motion to dismiss the claims against Defendant
LaClair and to reinstate the original complaint (Dkt. No. 57) is **GRANTED** in part and
**DENIED** in part; and it is further

**ORDERED** that all claims against Defendant LaClair be **DISMISSED without leave to
amend**; and it is further

**ORDERED** that the request to reinstate the original Complaint is **DENIED**[4]; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

_____

[4] Because Defendant LaClair filed no objection to the Report-Recommendation, the Court
reviewed for clear error the recommendation that the original Complaint be reinstated.  See Farid,
554 F. Supp. 2d at 307.  Upon review of Judge Dancks's analysis, the Court finds no error.

DATED:      May 10, 2012
                Albany, New York


_____
Lawrence E. Kahn
U.S. District Judge

9