UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOAQUIN R. WINFIELD,

                      Plaintiff,

      -against-                                    9:09-CV-1055 (LEK/TWD)

WALTER BISHOP, *et al.*,

                      Defendants.

**DECISION and ORDER**

**I.    INTRODUCTION**

This prisoner civil rights action comes before the Court following a Report-Recommendation filed on November 19, 2014, by United States Magistrate Judge Thérèse Wiley Dancks, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). Dkt. No. 158 ("Report-Recommendation"). Judge Dancks recommends that Plaintiff Joaquin Winfield's ("Plainitff") Amended Complaint be dismissed with prejudice for failure to comply with the exhaustion requirements of 42 U.S.C. § 1997e(a). Report-Rec. at 21; see also Dkt. No. 38 ("Amended Complaint"). Plaintiff timely filed Objections.[1] Dkt. Nos. 160 ("Objections"). Plaintiff has also appealed two prior Text Orders by Judge Dancks. Dkt. Nos. 128 ("First Appeal"); 155 ("Second Appeal"). For the following reasons, the Report-Recommendation is adopted in its entirety, Plaintiff's Appeals are denied, and this action is dismissed.

---

[1] Although Plaintiff's Objections were due by December 8, 2014, yet were not received and docketed until December 11, 2014, they nonetheless appear timely pursuant to the "prison mailbox rule." See FED. R. APP. P. 4(c)(1); see also Noble v. Kelly, 246 F.3d 93, 97 (2d Cir. 2001).

## II. STANDARD OF REVIEW

### A. Objections to Report-Recommendation

When a party makes a timely objection to a Report-Recommendation, it is the duty of the Court to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Farid v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (citations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

### B. Appeal of a Magistrate Judge's Decision

The standard of review for reconsideration of a magistrate judge's ruling depends on whether the matter is dispositive or non-dispositive. The issue currently before the Court is non-dispositive because the decision would "not dispose of the litigation." McAllan, 2004 WL 2998510, at *1. A district judge may reconsider any magistrate judge decision on a non-dispositive matter if it is "clearly erroneous or contrary to law." See 28 U.S.C. § 636(b)(1)(A); FED.R.CIV.P. 72(a). The Supreme Court has stated that "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948) (quoted in Derthick v. Bassett-Walker Inc., No. 90 Civ. 5427, 1992 WL 249951, at *8 (S.D.N.Y.

Sept. 23, 1992)). A party seeking to overturn a ruling under the clearly erroneous standard bears a "heavy burden." See Com-Tech Assocs. v. Computer Assocs., Int'l, Inc., 753 F. Supp. 1078, 1099 (E.D.N.Y. 1990), aff'd, 938 F.2d 1574 (2d Cir. 1991).

## III. DISCUSSION

### A. Report-Recommendation

Liberally construed, Plaintiff argues that Judge Dancks erred in holding an evidentiary hearing on the limited issue of whether special circumstances excused Plaintiff's failure to exhaust administrative remedies, because Plaintiff asserts that he did not fail to exhaust in the first place. See Objs. at 2 ("[T]he Court falsely held [that] '[h]ere it is undisputed that Plaintiff did not exhaust his administrative remedies.'"); see also id. at 5 (asserting that Plaintiff did not need to prove special circumstances under Hemphill v. N.Y., 380 F.3d 680 (2d Cir. 2004), because he had not failed to exhaust administrative remedies).

Plaintiff's argument is wholly conclusory, unsupported by any facts, and was already raised in his Response to Defendants' Motion for summary judgment. See Dkt. No. 86 at 3 n.4. Accordingly, the Court reviews Plaintiff's objection for clear error. See Farid, 554 F. Supp. 2d at 307.

Although Plaintiff claims that the Court "falsely" concluded that he failed to exhaust administrative remedies, the record firmly establishes that Plaintiff never filed a written grievance concerning the excessive force claim at issue or otherwise even attempted to follow all the steps of the grievance procedures. See Dkt. No. 92 at 9, 11; see also Dkt. No. 77-8 at 104 (Plaintiff's deposition testimony unambiguously establishing that he did not file a written grievance or attempt to appeal a non-response). Therefore, Judge Dancks committed no clear error in determining that

3

Plaintiff failed to exhaust administrative remedies and consequently holding an evidentiary hearing on the limited issue of whether special circumstances excused Plaintiff's failure to exhaust.

**B. Appeals**

Plaintiff first appeals Judge Dancks' Text Order dated May 2, 2014, in which Plaintiff's request to have Sergeant Samolis ("Samolis") present at the exhaustion hearing was denied without prejudice. First App.; Dkt. No. 124. Judge Dancks subsequently ordered Samolis to be present at the evidentiary hearing, and he provided testimony. See Dkt. Nos. 132; 143 at 83. Therefore, Plaintiff's First Appeal is denied as moot.

Plaintiff's Second Appeal concerns Judge Dancks' denial of Plaintiff's attempt to file a post-hearing reply memorandum of law. See Second App. Following an evidentiary hearing held on June 20, 2014, Judge Dancks granted the parties leave to file post-hearing memoranda of law. Dkt. No. 143 at 163. Both parties timely filed memoranda, Dkt. Nos. 149; 150, and Plaintiff subsequently filed reply memoranda, Dkt. Nos. 152; 153. Judge Dancks ordered that Plaintiff's replies be stricken as impermissible filings. Dkt. No. 154.

In granting the parties leave to file post-hearing memoranda, Judge Dancks did not permit either party to file a response or reply. Dkt. No. 143 at 163-67. Moreover, the Local Rules do not permit reply papers unless related to dispositive motions. See L.R. 7.1(b). The post-hearing memoranda were not related to dispositive motions. Accordingly, Judge Dancks committed no clear error or acted contrary to law in her Text Order to strike Plaintiff's reply papers. See 28 U.S.C. § 636(b)(1)(A); FED.R.CIV.P. 72(a).

**IV.    CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 158) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff Joaquin Winfield's Amended Complaint (Dkt. No. 38) is **DISMISSED with prejudice**; and it is further

**ORDERED**, that Plaintiff's Appeals (Dkt. Nos. 128; 155) are **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: January 16, 2015
Albany, NY

Lawrence E. Kahn
U.S. District Judge